

**Dated: October 8, 2015**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
)
Dennis J. & Andrea C. Mosal, )   Case No. 08-11079-JDL
)   Ch. 13
Debtors. )

### ORDER GRANTING DEBTORS' MOTION IN LIMINE

#### Introduction

This matter is before the Court on the *Motion in Limine with Brief in Support* filed by the Debtors, Dennis James Mosal and Andrea Coronel Mosal, on July 28, 2015 (the "*Motion*") [Doc. 77] and the *Response to Debtors' Motion in Limine* filed by Nationstar Mortgage, LLC ("Nationstar") on August 21, 2015 (the "*Response*") [Doc. 86]. By their Motion, Debtors seek to exclude from evidence at a hearing on *Debtors' Motion to Cite Nationstar LLC with Contempt of Court* [*Doc. 58*] "any evidence in this matter that could or should have been introduced in response to either the Trustee's *Notice of Final Cure* or

the *Debtor's Amended Motion to Determine* that the mortgage default had been cured". [Doc. 77, p. 5]. Nationstar has responded to the *Motion* by stating that because the Court has previously determined there is no post-petition arrearage on the mortgage, it has no objection to the *Motion* insofar as it pertains to evidence relating to the discharge of the post-petition arrearage. It does object "to the extent debtors Motion could be read more broadly to exclude evidence beyond the limited issue of curing the post-petition arrearage at the time of discharge, or to otherwise preclude evidence being submitted in connection with Debtors' motion for contempt".

## Background

1. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 19, 2008, and confirmed their Chapter 13 Plan on June 12, 2008. [Docs. 1 and 20].

2. At the time of the filing of bankruptcy, Debtors were behind on the 30-year note and mortgage which had been originally entered into with Lehman Brothers Bank, FSB. Debtors' Chapter 13 Plan provided that they cure the mortgage arrearage and make the ongoing post-petition mortgage payment through the trustee. Debtors assert, and Nationstar does not now dispute, that Debtors made all of their plan payments and completed the Plan in March 2013, paying all pre-petition arrearage amounts requested by the lender, with the trustee making all post-petition mortgage payments. [Docs. 37 and 86].

3. On April 22, 2013, the Trustee filed his *Notice of Final Cure Payment* stating that the pre-petition mortgage default had been cured, and that all ongoing payments had been made. [Doc. 34]. Nationstar failed to respond to the Trustee's *Notice of Final Cure.*

2

4. On September 5, 2013, Debtors filed an *Amended Motion for Order Declaring Mortgage Default Has Been Cured and That Loan is Current* [Doc. 37 ]. Nationstar did not respond to that motion.

5. On October 2, 2014, the Court entered an *Order Declaring Mortgage Default Has Been Cured and That Loan Is Current* (the *"Order"*) [Doc. 38]*,* which found, among other things, that Debtors' mortgage arrearages had been cured, and that the loan was current as of the effective date of Debtors' discharge. The *Order* further provided "that any claim by Nationstar, or its predecessors or successors in interest, that Debtors' were in default was canceled and discharged; that "any attempt by Nationstar or its successors or assigns to collect any alleged discharged arrearages, charges, fees or expenses shall be deemed to be a willful violation of the discharge injunction and contempt of the orders of this Court"; and that Nationstar "shall immediately perform an escrow analysis, adjust the debtors' mortgage payments accordingly and refund any escrow surplus to the Debtors."

6. On October 20, 2014, the court entered a *Discharge of Debtor After Completion of Chapter 13 Plan*. [Doc. 43].

7. On May 27, 2015, Debtors filed their *Motion to Cite Nationstar Mortgage LLC with Contempt of Court* [Doc. 58]. In their contempt motion, Debtors, among other things, asserted that Nationstar was in violation of the Court's October 2, 2014 *Order* in that Nationstar had (1) failed to provide Debtors with an escrow analysis and accounting, (2) continued to over-fund the escrow account without making a refund to the Debtors, and (3) demanded payment and claimed that the Debtors were in arrears on their account. In response to the contempt motion, Nationstar stated "that at no time did Nationstar willfully

3

violate the automatic stay, Confirmation Order, Court's Order Deeming the Mortgage Current, or the discharge injunction". [Doc.74]. Nationstar further stated that it had already taken affirmative steps to address Debtors' concerns, and that it was committed to working with the Debtors to resolve any remaining issues.

8. The hearing on Debtors' *Motion for Contempt* is set October 19, 2015. In anticipation of the hearing, Debtors filed the present *Motion* pursuant to Fed. R. Bankr. P. 3002.1(i)[1] requesting that the Court prohibit Nationstar "from introducing any evidence that could or should have been introduced in response to either the *Trustee's Notice of Final Cure* or the Debtors' *Amended Motion to Determine* that the mortgage default had been cured". Nationstar has responded to the *Motion* by stating that it does not intend to dispute that the post-petition arrearage has been cured, and it does not oppose Debtors' *Motion* to exclude evidence of the post-petition arrearage. Nationstar does object "to the extent Debtors' *Motion* could be read more broadly to exclude evidence beyond the limited issue of curing the post-petition arrearage at the time of discharge, or to otherwise preclude evidence being submitted in connection with Debtors' motion for contempt". [ Doc. 86, pg. 1].

## Discussion

To supplement 11 U.S.C. §1322(b)(5)[2] which permits a Chapter 13 debtor to cure a default and maintain home mortgage payments, in 2011 Rule 3002.1 was added to curb

---

[1] Hereinafter, references to the Federal Rules of Bankruptcy Procedure will be in the following format: "Rule ____."

[2] Hereinafter, references to the United States Bankruptcy Code, 11 U.S.C. §§ 101 - 1330, will be by section number only.

4

the practice wherein mortgage-holders failed to inform debtors of significant post-petition charges until after discharge. Prior to its implementation, even if debtors cured pre-petition arrearages under § 1322(b)(5), "they often incurred significant fees and other costs as a result of post-petition default or from interest or escrow fluctuations under the terms of the original loan agreements". *In re Sheppard*, 2012 WL 1344112 (Bankr. E.D. Virginia 2012). By having to pay these obligations, which would normally only be revealed after confirmation, debtors were effectively denied the fresh start promised by the bankruptcy process. Id.

First, Rule 3002.1(c) requires that post-petition fees and costs be noticed. Such notice must be served upon the debtor, the debtor's counsel and the Chapter 13 trustee for post-petition fees, costs, expenses or charges. Notice must be filed within 180 days of when the fee, expense or charge was incurred. If there is a dispute by either the debtor or the Chapter 13 trustee, a hearing on such dispute shall be held. As will be discussed below, the failure to give notice can be costly. In the present case, Nationstar did not give any notice of postpetition charges.

Second, the trustee has 30 days to notify a claimholder that a debtor has completed plan payments and correspondingly cured any default. Rule 3002.1(f). The creditor then has 21 days to supplement its proof of claim to reflect whether or not it agrees that default has been cured. Rule 3002.1(g). If a dispute arises under Rule 3002.1(g), the debtor or Chapter 13 trustee must dispute the assertions within 21 days of the service of notice. It takes a notice (Rule 3002.1), a response (Rule 3002.1(g), and a motion (Rule 3002.1(h) to present this dispute for hearing.

Bankruptcy Rule 3002.1(i) provides the sanction to ensure compliance with the Rule. If the secured creditor fails to (1) file its notice of payment change within 21 days; (2) file its notice of fee, costs or expenses within 21 days; or (3) respond to the final cure within 21 days, the court may either preclude the items from being introduced into evidence or award other relief, including awarding fees. Rule 3002.1(i) provides as follows:

> "*Failure to Notify*. If the holder of the claim fails to provide any information as required by subdivision (b), (c) or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
> (1) preclude the holder from presenting the omitted information, in any form, as evidence in a contested matter adversary proceeding in the case , unless the court determines that the failure was substantially justified or is harmless; or
>
> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure".

In effect, Rule 3002.1(I)(1) is a statutory order in limine ."The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial". *Mendelson v. Sprint United Management Co.,* 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 Fed. Appx. 337 (10th Cir. 2010). While pretrial limine rulings can save time and avoid interruptions at trial, a court is almost always better off situated during the actual trial to determine the probative value of evidence. For that reason, courts are often reluctant to enter pretrial rulings for the exclusion of evidence, unless it is clear the evidence will be inadmissible on all grounds. See *Hawthorne Partners v. AT&T Tech, Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). While the Federal Rules of Civil Procedure (and Federal Rules of Bankruptcy Procedure)

do not expressly provide for motions in limine, in the present case, the exclusion of certain evidence ("information") is clearly authorized by Rule 3002.1(i) as a sanction for the specific conduct engaged in by Nationstar, and the parties are entitled in their hearing preparation to know in advance whether this Court will invoke the sanction.

Nationstar had at least four opportunities to meet the procedural requirements to establish and give notice of any purported arrearage or charges, i.e. (1) notice of any payment change under Rule 3002.1(b); (2) notice of fees and charges under subsection (c); (3) responding to the Trustee's Notice of Final Cure Payment and (4) Debtors' Amended Motion for Order Declaring Mortgage Default Has Been Cured and That Loan is Current. Nationstar failed to avail itself of any of these opportunities to challenge Debtors' claim that there were no arrearages. The absence of any arrearage is an established fact by virtue of both Nationstar's failure to comply with Rule 3002.1 and the entry of the Court's Order of October 2, 2014, determining that any arrearage had been cured. Nationstar acknowledges such and has conceded that the *Motion* should be granted insofar as it pertains to evidence that there was or is any arrearage.

The M*otion* will therefore be granted insofar as it seeks to exclude any evidence, documentary or testimonial, pertaining to the existence or nonexistence of any purported arrearage as of the date of Debtors' discharge, October 20, 2014. It is the law of the case that there was no arrearage due after that date, and Nationstar will not be permitted to argue there was an arrearage or that it reasonably believed there to be an arrearage in defense of Debtors' effort to hold it in contempt.

Beyond the ruling on the *Motion* before the Court, the Court makes a few observations regarding the substantive issues to be decided at the hearing. It should be

noted that while the Court's *Order* of October 2, 2014, states that any attempt by Nationstar to collect an arrearage "shall be deemed to be a willful violation of the discharge injunction contempt of the orders of this Court", a violation of the discharge injunction or of the Court's order cannot be determined prospectively.  Nor can collection efforts of Nationstar alone *ipso facto* result in contempt. More is required.

In civil contempt proceedings the Due Process Clause requires that the defendant be given reasonable notice and an opportunity to be heard.  *FTC v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) (en banc).  The burden of proof in establishing a violation of the discharge injunction is by a preponderance of the evidence. *Crabtree v. First Nat'l Bank of Stigler (In re Crabtree)*, 2008 WL 5339108 (Bankr. E.D. Okla. 2008) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991); *In re Johnson*, 501 F.3d 1163 (10th Cir. 2007). A creditor violates the discharge injunction when it (1) has notice of the debtor's discharge, (2) intends the actions that constitute the violation, and (3) acts in a way that improperly coerces or harasses the debtor.  *Selby v. Perceptual Development Corp. (In re Selby),* 481 B.R. 90, 99 (Bankr. E.D. Okla. 2012); *Hambrick v. Perceptual Development Center (In re Hambrick),* 481 B.R. 105, 113 (Bankr. E.D. Okla. 2012).

Debtor's seek the Court to hold Nationstar in contempt. A finding of civil contempt is proper where (1) a valid court order existed; (2) the defendant had knowledge of the order and (3) the defendant disobeyed the order. *United States v. Ford*, 514 F.3d 1047,1051 (10th Cir. 2008); *Reliance Ins. Co. V.  Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir.1998). Unlike the burden of proof with regard to a violation of the discharge injunction, the burden of proof for a finding of civil contempt is clear and convincing

evidence. *FTC v. Kuykendall*, 371 F.3d 745 (10th Cir.2004). It will therefore be incumbent upon Debtors to meet their burden to establish their claims of violation of the discharge injunction and contempt of the Court's order. Nationstar will not, however, be permitted to defend its actions on the basis that it regarded Debtors' account as in arrears since the absence of willfulness or the fact that a party acted innocently does not relieve it from civil contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499 (1949).

Therefore, Debtors' Motion in Limine is **GRANTED** to the extent described above.

# # #